UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CURTIS WHEAT,                                     Case No. 1:11-cv-737

     Plaintiff,                                Dlott, J.
                                                 Bowman, M.J.
 vs.

FIFTH THIRD BANK,

     Defendant.

**ORDER**

This civil action is now before the Court on Defendant Fifth Third Bank's ("Fifth Third") motion for an Order terminating Michelle Healy's and Jason Curfiss' depositions scheduled for September 11, 2012 and an Order requiring all future depositions to be conducted in the presence of the Magistrate Judge. (Doc. 21). Fifth Third also moves this Court for an Order issuing sanctions against the Plaintiff's attorney in the form of attorney's fees, deposition and transcript costs, mileage reimbursement and all other reasonable expenses related to Michelle Healy's and Jason Curfiss' deposition, pursuant to Rule 30(d)(2) and (3), and Rule 37(a)(5) of the Federal Rules of Civil Procedure. Fifth Third further moves this Court for an Order issuing sanctions against the Plaintiff's attorney, in the form of all attorney's fees and costs associated with the filing of this Motion, pursuant to Rule 30(d)(2) and (3), and Rule 37(a)(5) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the instant motion.

**A. Background and Relevant Facts**

The Plaintiff, Curtis Wheat ("Wheat"), is a former employee of Fifth Third Bank ("Fifth Third"). Wheat filed state and federal claims of racial discrimination against Fifth Third

because Fifth Third terminated his employment in February 2010 after he got into a heated argument with a co-worker, Brad Hatfield. Jason Curfiss was Plaintiff's immediate supervisor at the time; and Michelle Healy was the Employee Relations Specialist who investigated the incident and recommended termination of Wheat's employment.

After several scheduling issues, the parties agreed that Michelle Healy's deposition would take place at 9:30 a.m. on Tuesday September 11, 2012 at the office of Elite Court Reporting Agency, 7733 Beechmont Avenue, Cincinnati, Ohio 45255; and Jason Curfiss's deposition would be conducted at 1:30 p.m. on this same day.

Ms. Donyetta Bailey, counsel for Fifth Third, asserts that during the deposition of Ms. Healy, Plaintiff's counsel, Ms. Sandra Fortson, became angry when questioning Ms. Healy because Ms. Healy repeatedly asked to review her notes before answering the questions posed. At some point, Plaintiff's counsel took Ms. Healy's investigation notes and threw them across the table for Ms. Healy to review. (See Doc. 22 at 37:8-13).

While Ms. Healy was reading her investigation notes, Ms. Bailey noticed that Fifth Third documents (Bates Labeled FT355-359) were among the documents Ms. Forston threw at Ms. Healy to review. These attorney-client privileged documents were inadvertently disclosed to Ms. Forston. Prior to this deposition, Ms. Forston told Ms. Bailey that she would destroy these privileged documents, which were inadvertently disclosed to Ms. Forston along with Ms. Healy's investigation notes on July 9, 2012. (Doc. 21, Exhs. Q and R.1). Ms. Bailey realized for the first time, during Ms. Healy's deposition, that Ms. Forston did not destroy the documents. (Doc. 22 at 37: 13-17). Ms. Bailey raised a formal objection and reminded Ms. Forston of her letter concerning the inadvertent disclosure, and Ms. Forston's e-mail stating that she would destroy the documents. (Dep. at 37-39)

2

Thereafter, Ms. Bailey asserts that Ms. Fortson became extremely angry, stood up and threw Ms. Bailey's legal notepad back across the table at Ms. Bailey. (Doc. 22, at 41) The notepad hit Ms. Bailey in the chest and landed partially on Ms. Bailey's right arm and the conference table. *Id.* Ms. Bailey then ended the deposition in light of Ms. Fortson's unprofessional conduct, physical behavior towards Ms. Bailey.

After the deposition, Ms. Bailey immediately contacted the Court to arrange an emergency conference call with Magistrate Judge Bowman to discuss Ms. Forston's unprofessional and physical conduct, make a request to terminate the depositions and state her intent to file a Motion pursuant to Rule 30(d) of the Federal Rules of Civil Procedure . A phone conference was held that same day, whereupon Ms. Bailey and Ms. Healy attended the call via telephone from their respective offices. Ms. Forston attended the call from the conference room at the Elite Reporting Agency, along with the court reporter that transcribed Michelle Healy's deposition and her client, Mr. Wheat. The undersigned heard arguments from counsel, Plaintiff, Ms. Healy and the court reporter relating the incident. The undersigned Ordered that the deposition of Ms. Healy be continued in the Courthouse.

Thereafter, Fifth Third filed the instant motion for sanctions against Ms. Fortson and for an Order requiring all future depositions to be conducted in the presence of the undersigned Magistrate Judge.

3

### B. Analysis

Rule 30(d)(3) of the Federal Rules of Civil Procedure states: "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.  The motion may be filed in the court where the action is pending or the deposition is being taken.  If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Rule 30(d)(2) of the Federal Rules of Civil Procedure, further provides that "[t]he court may impose an appropriate sanction -- including the reasonable expenses and attorney's fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent."

Here, the undersigned agrees that Ms. Fortson's unprofessional conduct and physical contact toward Ms. Bailey warrants the imposition of sanctions.  Thus, upon careful review and in light of Ms. Fortson's failure to respond to the instant motion, the undersigned finds that Fifth Third's motion to be well-taken.  Accordingly, Fifth's Third's motion (Doc. 21) is herein **GRANTED**.

 It is therefore **ORDERED** that:

1)  Plaintiff's counsel shall pay Defendant Fifth Third all reasonable attorneys' fees and costs associated with Michelle Healy's deposition on September 11, 2012 and the filing of the instant motion.   Counsel for Fifth Third shall provide the Court with a sworn itemization of the attorneys fees and expenses she seeks reimbursement for within **twenty (20) days** of the filing date of this Order.  After the Court receives this information, it will

4

make a specific award of attorneys' fees and costs; and

2) All future depositions in this matter will be conducted in the Chambers of the undersigned Magistrate Judge.

**IT IS SO ORDERED.**

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge