**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CURTIS WHEAT,  Case No.: 1:11-cv-737

    Plaintiff,  Dlott, J.
      Bowman, M.J.
    vs.

FIFTH THIRD BANK,

    Defendant.  **ORDER**

This civil action is now before the Court on Plaintiff's motion for Reconsideration of the Court's January 14, 2013 Order (Doc 57) and Defendant's memorandum *contra* (Doc. 87). Also before the Court are Plaintiff's motion for sanctions (Doc. 58) and motion to file the authenticated audiotape of Mia Healy's deposition. (Doc. 56). The motions will be addressed in turn.

On January 14, 2013, the Court granted Defendant's *unopposed* motion for sanctions against the Plaintiff's attorney based upon her behavior during the deposition of Michelle "Mia" Healy. (Doc. 49). The Court further ordered Plaintiff's counsel to pay Defendant Fifth Third all reasonable attorneys' fees and costs associated with Ms. Healy's deposition on September 11, 2012 and the filing of the motion for sanctions.

Plaintiff now seeks recision of the Court order asserting, *inter alia*, that she did not act in bad faith and her behavior during Ms. Healy's deposition was not so objectionable as to justify an award of sanctions. Plaintiff further asserts that the Court previously ruled on several of the issues raised in Defendant's motion for sanctions; and as a result, Plaintiff believed that Defendant's concerns had been satisfied. Plaintiff contends that she believed it was unnecessary to respond to Defendant's motion. In addition to the motion for

reconsideration, Plaintiff also seeks sanctions against Defendant's counsel based upon her alleged unprofessional behavior during the deposition of Ms. Healy.  *(See* Doc. 57).  In an abundance of caution and in the interests of justice, the undersigned agrees that the January 2013 should be vacated.  Plaintiff's motion for sanctions, however, is not well-taken.

Reconsideration is warranted if there has been: 1) a clear error of law; 2) an intervening change in the law; 3) newly discovered evidence; or 4) a showing of manifest injustice.  *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 832, 834 (6th Cir.1999).  Upon close inspection of the current record before the Court, the undersigned finds that the award of sanctions against Plaintiff's counsel would result in a "manifest injustice."  Notably, the Court granted Defendant's motion for sanctions, in large part, due to Plaintiff's failure to respond to the motion.  Thus, as a result of Plaintiff's failure to file any responsive memoranda, the undersigned rendered a decision based upon an incomplete record and did not fully consider whether less drastic sanctions (other than those requested by Defendant) would be warranted under the circumstances. Accordingly, Plaintiff's motion for reconsideration (Doc. 57) is **GRANTED** and the Court's January 14, 2013 (Doc. 49) is herein **VACATED**.

Thus, upon further review of Defendant's motion for sanctions (Doc. 21) Plaintiff's motion for sanctions (Doc. 58) and the parties' responsive memoranda (Doc. 87, 88, 89) the undersigned declines to sanction either party.[1]  Thus, the motions for sanctions (Docs.

---

[1] The Court does not condone the actions of counsel during the deposition in question.  However, the status of this case, coupled with the fact that the Court addressed the concerns of counsel by conducting Ms. Healy's deposition in the Courtroom, negate the imposition of sanctions.

21, 58) are herein **DENIED.** In light of this determination, Plaintiff's motion to file the authenticated audiotape of Ms. Healy's deposition (Doc. 56) is unwarranted and therefore is **DENIED as MOOT.**

    **IT IS SO ORDERED.**

                                                   */s Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge